UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN RAY WOODS JR,

      Petitioner,

 v.

JEFFREY UTTECHT,

      Respondent.

Case No. C18-5367 BHS-TLF

REPORT AND RECOMMENDATION

Noted for June 22, 2018

This matter comes before the Court on petitioner's petition for writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the legality of his conviction of tampering with a witness, which is one of six counts to which he entered a guilty plea. Because petitioner has not exhausted his state court remedies, the undersigned recommends that the petition be dismissed without prejudice.

## **DISCUSSION**

The petition identifies a personal restraint petition currently pending in the Washington State Court of Appeals, Division II. The Court of Appeals' website confirms that petitioner's personal restraint petition was filed on April 24, 2018 and remains pending.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. *See* 28 U.S.C. § 2254(b)-(c); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge is

REPORT AND RECOMMENDATION - 1

pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. *See id.* Moreover, the rule in *Sherwood* applies whether or not the issue raised in the pending state petition is included in the federal petition because a pending state court challenge may result in the relief the petitioner seeks, thereby mooting the federal petition. *See id.*

The undersigned recommends that petitioner not be issued a Certificate of Appealability pursuant to Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. This is a purely procedural matter about which jurists of reason would not disagree. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* without prejudice.

The petitioner has **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on June 22, 2018, as noted in the caption.

Dated this 7th day of June, 2018.

Theresa L. Fricke
United States Magistrate Judge